IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RYAN E. OGAN**, <br><br> Plaintiff, <br><br> v. <br><br> **OREGON HEALTH & SCIENCE UNIVERSITY**, <br><br> Defendant. | Case No. 3:17-cv-1849-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Ryan E. Ogan sues Oregon Health & Science University ("OHSU"), alleging discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Defendants move for summary judgment, arguing that Plaintiff's claims are time-barred and that there is no evidence upon which a reasonable jury could find in favor of Plaintiff's disability discrimination claim.[1]

OHSU is subject to Title II of the ADA as a public entity healthcare provider. ECF 8 at 1, ¶ 4. The ADA does not carry a limitations period. Instead, courts "borrow the statute of

---

[1] The Court interprets document ECF 11, which Plaintiff appears to frame as a motion to continue, as Plaintiff's response in opposition to Defendant's motion for summary judgment.

PAGE 1 – ORDER

limitations applicable to the most analogous state-law claim, so long as it is not inconsistent with federal law or policy to do so." *Sharkey v. O'Neil*, 778 F.3d 767 (9th Cir. 2015) (quotation marks omitted). This Court recently concluded that the state-law claim most analogous to a claim of disability discrimination outside of the employment context is a claim under Oregon Revised Statutes ("ORS") § 659A.142(4), and that such a claim is subject to a two-year statute of limitations as provided in ORS § 12.110. *See A.F. v. Starbucks Corporation*, 2018 WL 1161385 (D. Or. Mar. 5, 2018). Thus, Plaintiff's ADA claim carries a two-year statute of limitations.

Plaintiff's claims arise out of a November 17, 2012 visit to OHSU. Plaintiff filed his Complaint on November 17, 2017. Under a two-year statute of limitations, Plaintiff's ADA claim is untimely. Additionally, to the extent Plaintiff's *pro se* Complaint also alleges medical malpractice, that claim also carries a two-year statute of limitations under Oregon law, and thus would also be untimely. ORS § 12.110(4).

Plaintiff argues, however, citing ORS § 12.160, that the statute of limitations should be extended because Plaintiff has a disabling mental condition. ORS § 12.160(3) provides that if "at the time [a] cause of action accrues the person has a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know, the statute of limitation for commencing the action is tolled for so long as the person has" that disabling condition. This section may extend the statute of limitations for no more than five years, and no more than "one year after the person no longer has a disabling mental condition barring him or her from comprehending rights that he or she is otherwise bound to know, whichever occurs first." ORS § 12.160.

Defendant argues that the bar for what qualifies as a "disabling mental condition" for tolling purposes is high, citing *Gaspar v. Vill. Missions*, 154 Or. App. 286 (1998), and *Olson v.*

*Ore. Univ. Sys. ex rel. Pernsteiner*, 2009 WL 1270293 (D. Or. 2009). These two cases, however, were decided before 2015, when ORS § 12.160 was amended to its current text. Before 2015, ORS § 12.160 provided that if a person entitled to bring an action was "insane" at the time the action accrues, then the statute of limitations "is tolled for as long as the person is insane," but not more than five years and not "more than one year after the person is no longer insane." *See* 2015 Oregon Laws Ch. 510 (H.B. 2333). The Oregon Court of Appeals interpreted the word "insane" in this context to mean "such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know." *Gaspar*, 154 Or. App. at 292. The Oregon Court of Appeals also "concluded . . . that the extent of the disabling effects of a mental condition is normally a question for the jury." *Id*.

Defendants provide no explanation or argument regarding the extent to which these cases are still applicable to the statute today. The bill amending § 12.160 provides:

> If the amendments to ORS 12.160 . . . operate to revive a claim that was bared under ORS 12.160 immediately before the effective date of this 2015 Act, the person asserting the claim must commence the cause of action within the time prescribed for commencing the action under ORS 12.160, as amended by section 1 of this 2015 Act, or within one year after the effective date of this 2015 Act, whichever is later.

2015 Oregon Laws Ch. 510 (H.B. 2333). This, at the very least, does not foreclose the possibility that the amended ORS § 12.160 has some different meaning than its predecessor. Nonetheless, the current text of ORS § 12.160 clearly provides that a person's disabling mental condition, to extend the statute of limitations, must "bar[] the person from comprehending rights that the person is otherwise bound to know."

In arguing that he has a qualifying disabling mental condition, Plaintiff relies on a neuropsychological evaluation from an examination completed on June 26, 2013 by Sara Walker, Ph.D., which Plaintiff argues shows that Plaintiff did not, at that time, have a grasp on

PAGE 3 – ORDER

reality. Dr. Walker's report explains that Plaintiff reported a severe Traumatic Brain Injury sustained in infancy, and a subsequent diagnosis of cerebral palsy and hydrocephalus. Plaintiff had been referred for evaluation because of reported worsening of disinhibition and verbally aggressive behavior. Dr. Walker, upon examination, found that Plaintiff's intellectual abilities were at or above average, with the exception of Plaintiff's non-verbal intellect, which was below average, and Plaintiff's visuoconstructional abilities (requiring the use of motor coordination and working within a time constraint), which were borderline impaired. ECF 11-1 at 3-4. Dr. Walker observed average attention and executive functioning, but slow processing speed. *Id*. at 4. Plaintiff's performance on learning and memory tests was varied, with Plaintiff having a better verbal memory compared to spatial memory. *Id*. Plaintiff's language skills and fine motor dexterity were impaired. *Id*. at 5. Although Plaintiff reported a minimal degree of anxiety and depression, valid results of a comprehensive test of emotional and personality functioning were not obtained. *Id*. In summary, Dr. Walker noted that Plaintiff struggled with impaired processing speed, disinhibition, and irritability, which "would be expected to have functional impact." *Id*. Plaintiff would be most successful, Dr. Walker opined, in employment that did not require him quickly to process information—particularly spatial information. Dr. Walker suggested that Plaintiff would benefit from learning strategies and undergoing therapy to address areas of cognitive impairment and behavioral control. Therapy, Dr. Walker explained, "would also be a venue in which [Plaintiff] could process the chronic discrepancy between his and others' perceptions of situations."

Dr. Walker's report does not create a genuine dispute of fact with respect to whether Plaintiff had a "disabling mental condition" that actually barred him from comprehending his rights. In fact, Plaintiff's Complaint suggests that, at the time of his initial and follow-up visit to

OHSU, he was capable of understanding his medical condition and the treatment he was provided. Plaintiff alleges that he presented to OHSU's emergency room with a "blockage," and that he explained to a doctor and nurse that he had previously been diagnosed with a blood clot and all he needed was a blood thinner. Plaintiff alleges that OHSU sent him home with medicine to treat acid reflux, and that he had difficulty breathing for the next five weeks, until he returned to the emergency room and was given a "proper MRI." ECF 2 at 5. At that point, Plaintiff alleges, surgery was necessary. Dr. Walker's note about the "chronic discrepancy between [Plaintiff's] and others' perceptions of situations," in the context of a report describing disinhibition, irritability, and increased verbal aggression toward others, is not sufficient evidence to create a genuine dispute as to whether Plaintiff was operating under a mental condition that barred him from comprehending his rights.

Because Plaintiff's claims are untimely, Defendant's motion for summary judgment (ECF 10) is GRANTED, and Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 7th day of May, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge